NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ANTONIO LUNA-BAUTISTA, AKA Jorge Antonio Bautista, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No.   14-73249 Agency No. A076-606-354 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016[**]

Before:   O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Jorge Antonio Luna-Bautista, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT").   We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the BIA's determination that Luna-Bautista failed to establish a fear of future persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2008) (under the REAL ID Act, an applicant must prove a protected ground is at least "one central reason" for persecution). Thus, Luna-Bautista's withholding of removal claim fails. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010).

Substantial evidence also supports the BIA's denial of Luna-Bautista's CAT claim because he failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Mexico. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**